

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-12-980

| | | |
|---|---|---|
| | | **Opinion Delivered** AUGUST 28, 2013 |
| CHARLES R. HICKS | | |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION |
| V. | | [NO. CR-10-1267] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE HERBERT WRIGHT, JUDGE |
| | | AFFIRMED |

## BILL H. WALMSLEY, Judge

Appellant Charles Hicks was convicted by a jury of the rape of S.H. On appeal, he challenges the sufficiency of the evidence that supported his conviction. We affirm.

In a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the State, considering only that evidence that supports the verdict. *Purdie v. State*, 2010 Ark. App. 658, 379 S.W.3d 541. We determine whether the verdict is supported by substantial evidence, which is evidence of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.* A person commits the crime of rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Ark. Code Ann. § 5-14-103(a)(3)(A) (Supp. 2011). "Deviate sexual activity" includes any act of sexual gratification involving the penetration, however slight, of the anus or mouth of a person by

the penis of another person.  Ark. Code Ann. § 5-14-101(1)(A) (Supp. 2011).

Appellant challenges only the evidence that S.H. was under the age of fourteen at the time of the alleged rape.  He notes that she qualified some of her testimony with "maybe" and "probably," and he asserts that the jury was left to speculate as to her age at the time of the acts.

The rape was alleged to have occurred between July 21, 2006, and March 21, 2007, S.H.'s fourteenth birthday.  Appellant had been around S.H. virtually her whole life due to his relationship with S.H.'s mother.  S.H. testified that appellant first began touching her inappropriately when she was "maybe seven."  She said that the touching eventually progressed to oral sex and sexual intercourse when she was "maybe thirteen" and "probably in the eighth grade."  She then clarified that the oral sex began before the seventh grade, when she would have been twelve years old, and it continued after she turned thirteen years old and they began having sexual intercourse.

The uncorroborated testimony of a rape victim is sufficient to support a conviction if the testimony satisfies the statutory elements of rape.  *Williams v. State*, 363 Ark. 395, 214 S.W.3d 829 (2005).  Our supreme court has held that the fact that the victim is not absolutely certain of the date of the offense does not in any way lessen the proof, as that is an issue of credibility.  *Id*.  It is well settled that this court will not weigh the credibility of the witnesses, as that is a determination for the jury.  *Id*.

We hold that S.H.'s testimony provided substantial evidence that appellant engaged in sexual intercourse or deviate sexual activity with her when she was less than fourteen years



old.  We affirm appellant's conviction.

Affirmed.

GLADWIN, C.J., and HARRISON, J., agree.

*The Jesse Law Firm, P.L.C.*, by: *Mark Alan Jesse*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for appellee.